IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN LOUIS,  OPINION & ORDER

        Petitioner,  21-cv-672-wmc
 18-cr-78-wmc
  v.

UNITED STATES OF AMERICA,

        Respondent.

---

Petitioner Brian Louis filed a motion to vacate pursuant to 28 U.S.C. § 2255. Louis challenges his conviction for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), on two grounds: (1) his trial counsel was ineffective, and (2) under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that the defendant knows he belongs to a group covered under the statute barring possessions of firearms to sustain a conviction under §§ 922(g)(1) and 924(a)(2), the government failed to make such a showing. His petition is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases. Rule 4 requires this court to evaluate whether the petitions cross "some threshold of plausibility" before the government will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks,* 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered Louis's motion and supporting materials, as well as

1

all of the materials from the criminal proceedings before this court. Because the petition is untimely, his motion will be denied.

## BACKGROUND

On May 30, 2018, Brian Louis was charged in a two-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and knowingly attempting to possess with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Louis entered into a plea agreement with the government, in which Louis agreed to plead guilty to the § 922(g)(1) charge in exchange for the government agreeing to dismiss the drug charge. The court accepted Louis's plea on September 18, 2018.

The Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined Louis's extensive criminal history, including a 2002 Georgia conviction for manufacturing methamphetamine, for which he was sentenced to eight years of imprisonment, and a 2006 Georgia conviction, also for manufacturing methamphetamine, for which he was sentenced to 10 years of imprisonment. (CR (dkt. #18) ¶¶ 60-61.)[1] The PSR calculated Louis's advisory guidelines range to be 92 to 115 months of imprisonment. Ultimately the court imposed a guidelines sentence of 92 months of imprisonment.

---

[1] The court cites to the filings of the criminal proceeding using the designation "CR."

OPINION

Louis asks that the court vacate his sentence because his counsel was ineffective in negotiating the plea agreement, and in light of the Supreme Court's decision in *Rehaif*. However, a motion under section 2255 must be filed within one year from the latest of four potential dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion was removed, if the movant could not make the motion because of some governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). The petition is untimely under the only two relevant subsections, (f)(1) and (f)(3).

Under § 2255(f)(1), petitioner had one year from the date on which "the judgment of conviction [became] final" in which to bring a post-conviction motion. Louis's judgment of conviction became final on December 3, 2018, 14 days after entry of the judgment and conviction on November 18, 2018, when his time to file a notice of appeal of his conviction and sentence expired. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, Louis had until December 3, 2019, in which to file a § 2255 motion. *See Newlin v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that the one-year time limit begins to run the day *after* the Supreme Court denies certiorari and expires on the anniversary date). Since

3

Louis did not file his motion to vacate until October 22, 2021, it is not timely when considered under § 2255(f)(1).

The only other possible way for their petition to be timely would be under § 2255(f)(3), on the theory that in *Rehaif* the Supreme Court announced a new right that is retroactive on collateral review. In other cases in this district court, the government has conceded that *Rehaif* is a new substantive rule that applies retroactively on collateral review. *See Moore v. United States*, No. 20-cv-476-bbc, 2020 WL 4785432, at *2 (W.D. Wis. Aug. 18, 2020) (accepting that since *Rehaif* narrowed the scope of a federal criminal statute, that decision created a substantive rule that applies retroactively) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)); *see also Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019). Even accepting that *Rehaif* applies retroactively, Louis's motion is still untimely.

The Supreme Court issued *Rehaif* on June 21, 2019, meaning that Louis had until June 21, 2020, to file his motion to vacate raising this argument. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("[T]he one year limitation period for filing motion to vacate based on right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable."). Given that Louis did not file his motion for well over another year *after* that June 21, 2020, deadline, even his *Rehaif* claim is untimely. Since Louis did not raise any other basis upon which this court may consider his claims timely, the court is denying his motion and dismissing this action.

4

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). For all the reasons just discussed, Louis has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Brian Louis' motion to vacate to vacate is DENIED and his petition is DISMISSED as untimely.

2. No certificate of appealability shall issue.

Entered this 20th day of April, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge